CINCINNATI UNDERWRITERS AGENCY CO. v. THOMAS J. EMERY MEMORIAL.
No. 7550.

Circuit Court of Appeals, Sixth Circuit.
March 12, 1937.

Floyd C. Williams, of Cincinnati, Ohio (Peck, Shaffer & Williams, of Cincinnati, Ohio, on the brief), for appellant.

Robert A. Taft and John R. Bullock, both of Cincinnati, Ohio (Taft, Stettinius & Hollister, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant is an Ohio corporation. The appellee is successor in right, title, and interest to Livingood, executor of the estate of Mary Emery, deceased. On April 14, 1928, appellant leased from Livingood, as executor of the Emery estate, a plot of ground in Cincinnati for a term of ninety-nine years, at a rental of $11,500 a year, payable quarterly in advance, with the privilege of renewing the lease at the end of the term forever. Appellant agreed to construct a fireproof building in part on the leased property on or before April 15, 1933, the part located on the property to cost not less than $100,000. The lease provided that appellant should have the right to purchase the property for $300,000 upon the payment to the lessor of that amount on or before the 15th day of April, 1938. It recited the payment by the lessee to the lessor of $70,000 on the purchase price and provided for the conveyance of title to the property to the lessee by general warranty deed upon the payment of the balance. Appellant took possession of the property under the lease and paid the rents thereon until September of 1935, when it filed proceedings under the statutes of Ohio (General Code of Ohio, § 8623-79) for a voluntary dissolution. Subsequently the common pleas court of Hamilton county, Ohio, appointed a receiver for appellant for the purpose of liquidating its assets, paying its debts, and winding up its affairs. Thereafter, while the receiver was administering the estate, this proceeding was filed by appellee as a single creditor under section 59b of the Bankruptcy Act (11 U.S. C.A. § 95(b), praying for an adjudication of the appellant in bankruptcy. The petition alleged that the appellant had committed an act of bankruptcy in procuring the appointment of a receiver for its properties in the common pleas court of Ohio while insolvent within four months of the time of the filing of the petition. It further alleged that appellant had fewer than twelve creditors, and that appellee was a creditor having provable claims against appellant in an amount in the aggregate of more than $500 in excess of the value of securities held by it. The claims set up in the petition were: $100,000 damages resulting to appellee from the failure of appellant to construct and complete by April 15, 1933, a building at a cost for the portion standing on the leased premises of not less than $100,-000; $130,000 damages for an anticipatory breach of the lease committed by the appellant in voluntarily dissolving; and $130,-000 for future rents payable by reason of the anticipatory breach resulting from the voluntary dissolution. The answer of appellant denied the allegations of insolvency and the commission of an act of bankruptcy, and also denied that the appellee had any claim for damages for failure to construct a building on the leased premises or for breach of any of the covenants of lease, or had any provable claim against the appellant for $500 in excess of the security held by the appellee on any claims which it had against the appellant.

It further alleged that appellee had been paid $70,000 by the appellant to be applied on the purchase price for the property upon the appellant's exercising its option to purchase it. The issues made by the pleadings were submitted to the court for trial without a jury, and the court found that the appellee had a provable claim against the appellant for damages in the sum of $100,000 for failure to construct a building at a cost for the part on the lot of not less than that amount and that by reason thereof the appellant was insolvent, and adjudged it a bankrupt.

It was stipulated by the parties on the hearing that the appellant had assets in excess of liabilities of approximately $50,000, excluding the claims of the appellee and a claim of the Rothier estate. No proof was introduced as to the amount of the claim of the Rothier estate. The only claim of the appellee passed upon by the trial court was the one arising out of the breach of the covenant to construct a building in part on the leased property on or before April 15, 1933. If that claim was a provable claim constituting a liability as found by the trial court, appellant was insolvent at the time of the filing of the petition; if it was not a provable claim, appellant was not insolvent. The question, then, is whether the claim was provable under the Bankruptcy Act and thus was a liability of appellant to be considered in determining whether it was insolvent at the time the petition was filed.

The provability of the claim so as to constitute a liability must be determined from the contract of lease on which it rests. The appellant never constructed the building and was never given an extension of time for the construction. The applicable provision in the lease is: "That the lessee or his assigns will complete the construction upon said property of a new building on or before April 15, 1933, unless the time is extended by the lessor. Such new building shall be of fireproof construction, and the portion thereof standing on the property hereby leased shall cost not less than one hundred thousand dollars ($100,000)." Nothing is said in this provision about the character of the building to be constructed except that it shall be fire proof. It was held in O'Brien v. Illinois Surety Co., 203 F. 436 (C.C.A.6), that the failure of a lessee to construct a building on leased property according to the terms of the lease was a breach of the contract of lease for which the lessor might recover damages notwithstanding the lessee's right to hold the property in perpetuity under the lease. In that case the lease described the building to be constructed, giving its height and frontage, and stipulating the materials to be used. In the lease here under consideration there is no description of the building to be constructed; nothing is said as to whether the construction was to consist of a building placed entirely upon the property of the appellee or only partly on its property, nothing about its height, frontage, or the materials to be used. The appellee endeavored to cure this deficiency by introducing evidence of conversations between Livingood and the representative of the appellant at the time the lease was executed tending to show that it was understood that the building should be a "monumental" building, at least ten stories high, and in part was to cover adjacent property, with a part of it on the appellee's property. We think that evidence was inadmissible. While parol evidence may be received to explain an ambiguity in a written contract, it is not admissible to add terms to the contract. We find no ambiguity in the provision in question which renders such evidence admissible. It is not a provision that could be enforced by a decree of specific performance, since the court could not ascertain from its terms the character of building to be constructed. To enforce specific performance a contract must be sufficiently definite to enable the court to determine what the contract is. Ellis v. Treat, 236 F. 120 (C.C.A.9); Wichita Water Co. v. City of Wichita, 280 F. 770 (C.C.A.8). So also is proof of the terms of the contract essential to the recovery of damages for its breach. There is and could be, of course, no attempt in this proceeding to reform the contract and assert damages for its breach as reformed. This is an involuntary proceeding for an adjudication in bankruptcy based on a claim of breach of a provision in a contract which is too indefinite in its terms to permit of a finding of damages therefor. To permit the introduction of parol evidence to show the kind of building which was to be constructed would be to permit the proving of a contract not made by the parties—the rewriting of the provision to include terms not in it as written and agreed on by the parties. When one of the parties to a written contract undertakes to assert damages for its breach, he must prove the terms of the contract that have been

breached. Lacking evidence of the terms, there obviously can be no proof of breach. While it is not necessary, in order to establish a basis for the recovery of damages for the breach of a contract for the construction of a building, to include in the contract detailed plans and specifications of the construction, it is necessary to include therein the essential features of the construction, for, lacking them, there can be, as indicated, no basis for estimating loss or damage for breach. See Hollweg v. Schaefer Brokerage Co., 197 F. 689 (C. C.A.6); Section 331, Restatement of Contracts. It is not enough that the part of the construction on the leased property was to cost not less than $100,000, for it is obvious that the failure to comply with such a provision might result in no damage at all; indeed, the appellee might very well be better off without a building of any kind on the lot than with an unsuitable one, or with a part of one which could not be utilized upon the cancellation or expiration of the lease. It was within the power of Livingood to make a contract with terms sufficiently definite to support a claim of damages for their breach. He failed to do this, and the courts cannot rewrite the terms or permit the adding by parol evidence of terms to what was written and agreed on as the contract by the parties. See Columbia Gas Const. Co. v. Holbrook, 81 F.(2d) 417, 419 (C.C.A.6). The question is not one of misunderstanding or confusion of terms but of absence of terms constituting a basis for estimating loss or damage for breach.

Neither, in our opinion, did the appellee have a provable claim for future rents for such an amount as would make the liabilities of the appellant exceed its assets as stipulated. Brown v. Irving Trust Co., 291 U.S. 320, 54 S.Ct. 385, 78 L.Ed. 824. Section 63a, subdivision 7, of the Bankruptcy Act, 11 U.S.C.A. § 103 (a) (7), provides that "the claim of a landlord for injury resulting from the rejection by the trustee of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall in no event be allowed in an amount exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises plus an amount equal to the unpaid rent accrued up to said date." In the case at bar, the rent had been paid up to the date of filing the petition in bankruptcy, and even if it be as-

sumed that the appellant by its voluntary dissolution placed itself in a position where it could not carry out its contract of lease, still, under this provision of the Bankruptcy Act the claim of appellee for damages for an anticipatory breach of the contract in not paying future rents could not exceed the amount appellant was bound to pay as yearly rental for the year next succeeding the date of the breach, and this amount, added to the other liabilities of appellant, would not show insolvency or authorize an adjudication in bankruptcy.

The order of the District Court is reversed and the cause remanded with direction to dismiss the petition.